HENRY J. CROLL v. THE ATCHISON, TOPEKA & SANTA
FE RAILROAD COMPANY.

No. 10647.

NEGLIGENCE — *evidence in action for, held sufficient as against
demurrer.* An employe, who was at work about 10 feet from a
railroad track, ditching it, ·was struck on the head and severely
injured by a chunk of coal which fell from the ténder of a passing
engine. He alleged that it was the result of the negligence of the
Company, and in an action recovered damages. *Held,* that the
testimony tends to show that the tender was overloaded and that
the injury was due to the negligence of the Railroad Company.

*Error from the Court of Appeals, Southern Department.*

REVERSED AND REMANDED.     OPINION FILED DECEMBER 5, 1896.

*Robert C. Heizer,* for plaintiff in error.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for de-
fendant in error.

JOHNSTON, J.    On April 5, 1890, Henry J. Croll, an
employe of the Atchison, Topeka & Santa Fe Railroad
Company was engaged in ditching along the railroad
about 10 or 12 feet distant from the track.    The track
was well ballasted and generally in good condition,
but on account of recent rains and the frost coming
out of the ground it had become somewhat soft and
uneven.    While a passenger train was passing the
place where Croll was at work a lump of coal weighing
between 12 and 15 pounds rolled from the top of the
tender to the ground, and, bounding from there, struck
Croll on the head, seriously injuring his eye and face.
He brought this action charging that the Company
was negligent in overloading the tender and in failing
to keep its track in proper condition.    At the trial
there was testimony that the tender was very heavily
loaded ; that in the center of the tender the coal was

heaped up two or three feet above the level of the top ; and one witness stated that it was piled above the flange which is on the outer edge of the tender.    It appears not to be unusual to take a rounding load of coal, but it was shown, and indeed proof was hardly necessary, that it was not practicable or safe to heap it above the flange or edge of the tender.

A demurrer to the evidence was interposed and overruled ; but upon review the Court of Appeals held that there was no evidence tending to prove that the coal was negligently loaded, and ordered a reversal, with instructions to sustain the demurrer to the evidence.  3 Kan. App. 242 ; 45 Pac. Rep. 112.

We are unable to concur in this view.    There is little if any testimony of negligence as to the mainte- nance of the track, but we think there was evidence tending to show negligence in overloading the tender, and at least sufficient to take the case to the jury.    It may be proper to carry a rounding load ·of coal, but certainly it is neither necessary nor safe to have it piled upon the flange or above the edge of the tender. It was contended that the testimony did not show that the coal was above the edge of the tender ; but that given by Mayer will hardly bear that interpreta- tion :

"Ques.  State about what height the coal was piled up at the edge of the tender, if at all.    Ans.  I should judge between two and three feet.

"Q.  You mean in the center?  A.  Yes, sir.

"Q.  About how high was it at the outer edge of the tender, where it came to the edge of the flange? A.  It was above the edge of the flange ; I cannot say how far."

On this testimony the jury found that the coal was loaded over the flange of the tender.    If it was loaded on the flange or above the edge of the tender, the top

coal would not have sufficient support and a slight jar would be likely to loosen and dislodge some of it. Some of the witnesses stated that the tender was loaded in the usual way, but there is testimony tending to show that it was an unusual load. The fireman stated that it was usually rounded up about a foot or a foot and a half in the middle of the tender, while the testimony in this case shows that it was heaped up from two to three feet high above the tender. In this respect it differs from the case of *Shultz v. The Chicago & Northwestern Rld. Co.*, 67 Wis. 616, and therefore cannot be regarded as a mere accident for which there is no responsibility. In considering the demurrer the evidence must be viewed in the light most favorable to the plaintiff, and all reasonable inferences must be allowed in his favor, and unless all the testimony offered fails to establish his case or some material fact in issue the demurrer should be overruled. *Beaver v. A. T. & S. F. Rld. Co.*, 56 Kan. 516 ; *Rogers v. Hodgson*, 46 id. 276 ; *K. C. Ft. S. & G. Rld. Co. v. Foster*, 39 id. 329 ; *K. C. Ft. S. & G. Rld. Co. v. Cravens*, 43 id. 650. Measuring the testimony by the rule in these cases, it is clear that the case should have gone to the jury.

We are not impressed with the suggestion that Croll assumed the risks and dangers incident to the overloaded tender. It is true that he knew something of the condition of the track and roadbed and was aware that the roughness of the track gave the engine a swinging motion, but there is nothing to show that he had reason to apprehend that the coal would be piled above the edge of the tender, or that pieces of the same would be thrown so as to strike him when he was 10 or 12 feet away. He was at work in the place to which he was assigned, and we fail to see that

he had any reason to apprehend the peril to which he was subjected by the overloading of the tender. He had never seen any coal fall off the tender of a passing train, and while he may have seen pieces of coal lying along the track there is nothing to show whether they fell from the tender of a passenger engine or from coal-cars. In the view we take of the case the matter of Croll's own negligence or knowledge is entitled to but little consideration. It would seem as if an ordinarily prudent man in the position in which Croll was would not have deemed himself in any danger from a passing train, and probably he would have been censured by the foreman if he had left his work and gone further away from the track because of the passing train. For this reason the objection to the first special finding, which relates to Croll's knowledge of the condition of the railroad, although the finding is somewhat inaccurate, is not deemed to be very material.

The testimony in the record does not indicate passion or prejudice on the part of the jury, and no good reason is seen why the verdict, which appears to have support in the testimony, should be set aside.

The rulings complained of upon the testimony and the instructions are not deemed to be erroneous nor such as require special comment.

The judgment of the Court of Appeals will be reversed, and the judgment of the District Court will be affirmed.

All the Justices concurring.