Light Co. v. Koepp.

CONSOLIDATED ELECTRIC LIGHT AND POWER COMPANY
v. WILLIAM F. KOEPP, *etc.*

No. 12,124.   ( 67 Pac. 608.)

SYLLABUS BY THE COURT.

PERSONAL INJURY—*Light and Telephone Wires — Proximate Cause.* The proximate cause of an injury is that which naturally leads to, and which might have been expected to be directly instrumental in, producing the result. *Held,* that permission by the plaintiff in error to R. to attach his private telephone wire to its electric-light poles was not the proximate cause of the injury sustained by defendant in error.

Error from Wyandotte court of common pleas; W. G. HOLT, judge.   Opinion filed April 5, 1902. Reversed.

*Harkless, O' Grady & Crysler,* and *Moore & Berger,* for plaintiff in error.

*John A. Hale, Horace G. Pope,* and *L. F. Bird,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff below sought to recover damages in this action for injuries which it is alleged he sustained by coming in contact with what is known as a live telephone wire.

The substance of the allegations in his petition is that the defendant, the Consolidated Electric Light and Power Company, in operating its plant in Kansas City, Kan., had its poles on and along Osage avenue running east and west from Ninth street to Ferree street ; that it negligently permitted one John Radford to attach to and string along on its electric-light poles a private telephone wire about two feet below the . electric wires, and negligently permitted an uninsu-

lated electric-light wire to cross, or come in such close proximity with, said telephone wire at a point where said electric-light wire had become uninsulated that it transferred to the telephone wire a current of electricity which caused the Radford residence, into which the wire ran, to take fire, and that the fire caused the telephone wire to become detached from the house and fall to the ground on a vacant lot or common, where the plaintiff below, while going to the fire and without any fault on his part, ran on said telephone wire and received the injury of which he complains.

The evidence proves that Radford placed said telephone wire on the electric-light poles of the plaintiff in error and maintained it there with its knowledge and consent. The only question for the consideration of this court is whether the act of the defendant below in permitting Radford to place the telephone wire on its electric-light poles was the proximate cause of the injury sustained by the defendant in error. When the facts are established, whether the negligent acts complained of are the proximate cause of the injury is a question of law to be determined by the court. (*Deisenrieter v. The Kraus-Merkel Malting Co.*, 97 Wis. 279, 72 N. W. 735.)

is too well known to need illustration that negligence or other unintentional wrong will not furnish the foundation for a cause of action for damages unless it was the proximate cause of the injury sustained. The law, however, demands of every person in any employment the exercise of ordinary care proportionate to the risk of the business, or of his particular situation, that damage may not result therefrom to others. In other words, every person in the management or transaction of his business must bring himself up to that standard of intelligence and care

which ordinarily prudent men are accustomed to exercise under similar conditions.   When he has done this he is acquit of any liability resulting from his acts.   The negligent acts cannot be the proximate cause of an injury to one unless, under all the circumstances ordinary prudence would have admonished the person sought to be charged with negligence that his acts or omissions would result in injury to some one.   The general test as to whether negligence is the proximate cause of an accident is said to be such that a person of ordinary intelligence should have foreseen that an accident was liable to be produced.   (*Gilliland v. The C. & A. Ry. Co.*, 19 Mo. App. 411; *Seale v. G. C. & S. F. Ry. Co.*, 65 Tex. 274, 57 Am. Rep. 602.)

In *Deisenrieter v. Kraus-Merkel Malting Co.*, 97 Wis. 279, 286, 72 N. W. 735, it was said:

"'The proximate cause of an injury cannot be referred to negligence unless it appears that such injury was the natural and probable consequence of such negligence, and that it ought to have been foreseen in the light of attending circumstances.'   The court has said many times, substantially, that the test of actionable negligence is not whether the injury complained of was the immediate or the natural result of the conduct of another; that there must be the negligent act, an injury as a natural and probable result, either immediate or at the end of a succession of events united by a close causal connection, together forming a complete chain reaching from the act complained of down to the injury, and producing it; the attending circumstances in either case being such that a person of ordinary intelligence and prudence might reasonably have expected the injury as a probable result of such negligent act."

In *Milwaukee etc. Railway Co. v. Kellogg*, 94 U. S. 469, 475, 24 L. Ed. 256, Mr. Chief Justice Strong said:

"But it is generally held that, in order to warrant

47—64 KAN.

a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

In *Atchison, T. & S. F. R. R. Co. v. Stanford*, 12 Kan. 354, 379, 15 Am. Rep. 362, the court said :

"A wrong-doer is not only responsible for the first result of his wrongful act, but he is also responsible for every succeeding injurious result which could have been foreseen, by the exercise of reasonable diligence, as the reasonable, natural, and probable consequence of his wrongful act."

Fully recognizing the dangerous agency in use by the electric-light company, and the care proportionate to its handling, we do not believe it could have foreseen that, in granting Radford permission to put his wire on its poles, its electric-light wires would become un-insulated at such point, and, by reason of slack, come in contact with the telephone wire and charge it with sufficient voltage to set on fire the house of Radford, and that thereby the telephone wire would become detached and fall to the ground, where the plaintiff below, or any other person, would come in contact therewith and be injured. This sequence could not have been anticipated by the exercise of any reasonable degree of care or foresight.

In *Deisenrieter v. The Kraus-Merkel Malting Co.*, supra, it was said :

"The elements of natural and probable result, and that the result ought to have been foreseen by a person of ordinary intelligence and prudence in the light of attending circumstances, are distinguishing characteristics between mere accident or negligence from which no legal responsibility follows, and actionable negligence. If one be injured by the act of another

and such elements are not present, it is referred to the natural imperfections to which the mass of mankind are customarily subject, and the risks incident to human existence and human activity, which, in the associations of life, all members of society are supposed to assume.''

We are, therefore, of the opinion that the negligence charged was not the proximate cause of the injury sustained, and that the court should have so instructed the jury.   The judgment of the court below is reversed, and the cause remanded.

DOSTER, C. J., SMITH, ELLIS, JJ., concurring.