THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY
v. T. H. BURGESS.
No. 14,366.   (83 Pac. 991.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Employee—Service of Notice.* The
written notice to a railroad company of injuries sustained
by an employee through the negligence of coemployees, re-
quired by chapter 393 of the Laws of 1903 before a liability
for such injuries can be enforced against the railroad com-
pany, may be served upon a ticket agent of the company.

2. ——— *Assumption of Risk—Question for a Jury.* Under
the facts and circumstances of this case it is *held,* that the
question whether an employee of a railroad company who
was injured while digging a ditch, through the caving of a
bank, assumed the risk of the employment, or was guilty of
contributory negligence, was properly submitted to the jury
for their determination; and that there is testimony fairly
tending to support their finding.

Error from Johnson district court; WINFIELD H.
SHELDON, judge. Opinion filed December 9, 1905. Af-
firmed.

*Pratt, Dana & Black,* and *L. F. Parker,* for plaintiff
in error.

*A. Smith Devenney,* and *H. L. Burgess,* for defend-
ant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. :   In this action T. H. Burgess asked
a recovery from the St. Louis & San Francisco Rail-
road Company for personal injuries sustained by him
while working in the water-service department of the
company.   He was employed as a day-laborer in dig-
ging a ditch, and on the second day of his employment
the bank caved upon him, inflicting severe injury.
The work was done under the orders and direction of
a foreman and subforeman, whose duties, it is alleged,
were to see that the workmen had a reasonably safe

Railroad Co. v. Burgess.

place to work, to keep a careful lookout for the safety of the men while working in the ditch, and to give them timely warning of danger from a cave-in of the banks of the ditch. The jury found that when Burgess was ordered by the foreman to go into the ditch on the day of the injury there was a crack in one of the banks, but that Burgess did not know of it; that one of the workmen called the attention of the subforeman to it before Burgess was directed to go into the ditch; that when the foreman ordered Burgess to go to work he told the men there was no danger of a cave-in, and that Burgess relied upon his statement. It was found that the cave-in was caused by the crack in the banks, the allowing of water to run into and remain in the ditch, and by failing properly to shore up and brace the banks with lumber. Burgess was awarded damages in the sum of $1650.

There is a contention that a proper preliminary notice of a claimed liability for the injury was not given to the company. In the act making the railroad company liable for injuries to an employee in consequence of the negligence of coemployees there is a prerequisite that notice in writing of the injury so sustained, stating the time and place thereof, shall be given by or on behalf of the person injured to such railroad company within ninety days after the occurrence of the accident. (Laws 1903, ch. 393, § 1.) In this instance the notice was sufficient if it was served upon the proper representative of the company. It was served upon the ticket agent of the company at Olathe, Kan., and, assuming that a notice was necessary in this case, the one given is deemed to be sufficient. The statute as it then stood did not in terms prescribe how service should be made. The notice was given as a summons is required to be served, and, while the notice is not strictly a process, it is a preliminary and essential step to the institution of an action, and it would seem that in the absence of a pro-

vision as to the manner of service the kind required for the service of a summons would be sufficient.

Reference is made to *K. P. Rly. Co. v. Thacher,* 17 Kan. 92, and *A. T. & S. F. Rld. Co. v. Sage,* 49 Kan. 524, 31 Pac. 140, as authority that notice to a ticket agent is not sufficient. Neither of those cases is controlling. The first holds that notice of an attorney's lien upon a judgment recovered against a railroad company could not be served upon a person in charge of the company's depot. As that was a notice in an action to fix a lien upon the amount recovered, it could be served upon the attorney of record, but not upon a depot agent. The second case relates to a notice in a pending proceeding, viz., a notice to take depositions. Under the code it is contemplated that notice shall be given to some one connected with the litigation, and not to any agent of a railway corporation who might be found in any part of the state. As the notice in question is practically an initiatory step in the bringing of an action, its object will be well subserved if such notice be given in the manner necessary for the service of process in the institution of an action. (*State, ex rel. Milwaukee, Lake Shore & Western R. Co., v. O'Connor,* 78 Wis. 282, 47 N. W. 433.) In the last legislature the statute fixing the liability of railroads in such cases was amended in several particulars, and, among them, as to service of notice as well as proof of service. It provides that service may be made upon the ticket agent as well as other named representatives of railroad companies. (Laws 1905, ch. 341.)

It is next contended that, under the facts of this case, the danger of working in the ditch was obvious to Burgess, and that he assumed the risk of the employment. In this connection it is argued that he knew of the instability of the soil in which he was digging; that it had already caved in places so that it was necessary to brace and shore up the banks; that several inches of water had stood in the ditch and softened

the banks; and that the crack in the ground, indicating the danger of a cave-in, was near the ditch and within his view.  On the other hand there is testimony that he was inexperienced, the injury having occurred on the second day of his employment; that he was told by the foreman who had the bracing of the banks in charge that it was all right; that it would not cave any more; that he saw no crack in the ground; that the subforeman did see the crack, but did not warn Burgess of its existence or of the danger; that when the subforeman's attention was called to the crack by another workman he responded that he was there to keep the workmen from being hurt; that when Burgess was told to go to work and that the bank would not cave he relied upon the judgment of the foreman; that he did not hear the conversation about the crack, and did not see it, and that while down in the ditch it was not easy to see it.

In view of the testimony as to his inexperience, his lack of knowledge of the crack in the ground, and his reliance upon the assurance of those in charge of the work that it was safe, the question whether he assumed the risk was fairly one for the jury.  There is no question but that he assumed the ordinary and obvious dangers of the employment, but the unusual dangers of which the foreman had knowledge and of which he had not were not assumed.  When those in control of the work discovered the crack in the ground and the peril to Burgess, who was in the ditch, it was their duty to warn him of the danger and to take some precautions for his safety.  This duty was recognized by the subforeman when he informed one of the workmen that he would look out for their safety.

The plaintiff in error relies upon *Walker v. Scott*, 67 Kan. 814, 64 Pac. 615, as authority for reversal, but that case is easily distinguishable from the present one.  There the servant was fully informed as to the dangers of the employment and place, and had expressed a judgment and belief that a cave-in would

occur. It appears that he had as great, if not greater, opportunity to know the conditions than the boss under whom he was working. Here the servant knew nothing of the crack or of the unusual danger, while the foreman did know of it, and notwithstanding this knowledge directed the plaintiff to go into the ditch and proceed with the work.

Complaint is made of that part of the second instruction given by the court in which the jury were told that "the burden is on the defendant to prove by a preponderance of the evidence the material affirmative allegations of its answer, which are, in substance, that if plaintiff was injured his negligence contributed thereto, and that his injuries, if any, were the result of the ordinary dangers incident to, or attendant upon, his employment." It is argued that this quotation is similar to an instruction that was condemned in *Railway Co. v. Merrill*, 61 Kan. 671, 60 Pac. 819. That instruction was held to be faulty because it contained the implication that the testimony in behalf of Merrill showing him to be guilty of contributory negligence could not be considered, and that the contributory negligence of the plaintiff could only be established by the testimony of the railroad company. The one complained of here contains no such implication. It relates to the burden of proof, and, when the whole of the charge is taken together, it is made clear that the jury were instructed to consider any and all evidence that was submitted to them on the subject of contributory negligence.

There are objections to other instructions, but they are not material, and we find nothing substantial in the objections made to the admission of testimony. The judgment is therefore affirmed.

All the Justices concurring.