No. 18,558.

L. H. BARNETT, *Appellee*, v. THE UNITED KANSAS PORT-
LAND CEMENT COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Negligence—"Safe Place to Work"—
Sufficient Averments in Petition—Legal Conclusions Unneces-
sary*.  In an action by a servant against the master where the
petition sets forth the fact showing acts of negligence which
imply that there has been a failure of the master to provide a
reasonably safe place to work, an averment of the legal con-
clusion to that effect is not required and its absence will not
render it error for the court to submit to the jury the question
whether or not the negligent acts if proven amount to a failure
to provide the plaintiff with a reasonably safe place.

2. SAME—*Master Not Relieved by Delegating Duty to Another*.
The rule that the master can not avoid his liability by dele-
gating to another employee the duty to provide his servants
with a reasonably safe place to work is applied to the facts
stated in the opinion.

3. SAME—*Proximate Cause—Question for Jury*.  On the facts
stated in the opinion it is held that it is a question for the
jury whether the negligence complained of was the proximate
cause of the injury.

4. SAME—*Assumption of Risk*.  Upon the facts stated in the
opinion it is held that it can not be said as a matter of law
that the plaintiff assumed the risk.

5. VERDICT—*Not Procured by Passion or Prejudice*.  Plaintiff
was allowed $1000 for permanent injuries to the little finger
of the left hand.  *Held*, that the record discloses nothing which
would authorize the court to say that the amount of the ver-
dict is so excessive as to indicate that it was the result of
prejudice or passion.

Appeal from Montgomery district court; THOMAS J.
FLANNELLY, judge.  Opinion filed March 7, 1914.  Af-
firmed.

*Altes H. Campbell*, and *John F. Goshorn*, both of
Iola, for the appellant.

*J. D. Brown*, of Independence, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff was injured while in the employ of the defendant as a common laborer, and sued to recover damages. The defendant was operating a steam shovel loading shale upon cars for transportation to its mill. The machine stands upon a surface track like that of a railroad. The track is raised or lowered or shifted from side to side in the shale pit as occasion requires by means of steel jack screws, one at either end of the machine. The superstructure or the revolving part of the machine consists of the house in which the operator is stationed and which contains the engine, boiler and operating machinery. It rests upon wheels which travel upon a circular track about nine feet in diameter, around which it is made to turn in either direction so as to swing the shovel from place to place.

On the morning of December 6, 1911, the plaintiff was ordered by Johnson, the person in charge of the machine, to tighten one of the jackscrews. He procured an iron bar for the purpose, inserted the same in the head of one of the jackscrews, and in pulling on the bar to turn the screw lost his hold and fell backward toward the circular track; to protect himself from falling he threw his left hand across one of the rails of the track. At the moment he began to tighten the screw the machine was standing still, but just before he fell it was started in operation by Johnson, and as it turned the plaintiff's left hand came in contact with one of the moving wheels and was pushed ahead of it, and the little finger of his left hand was injured.

The petition alleged four grounds of negligence:

1. In ordering the plaintiff to work in an unsafe place in tightening the jackscrew without first instructing the plaintiff as to the dangers thereof.

2. In running and operating the steam shovel when the plaintiff was at the jackscrew and making an effort to tighten it up as ordered and directed by the defendant.

3. In negligently permitting the jackscrew to be and remain out of repair several hours before the plaintiff attempted to tighten it.

4. In negligently permitting the steam boiler to become defective and worn, so that water was permitted to run and drop around the jackscrew causing a slush of mud and water, which some hours before the plaintiff's injury had frozen in and around and upon the jackscrew, preventing the screw from turning by plaintiff's efforts, and that all of these facts were known, or by the exercise of ordinary care should have been known by the defendant, and that they were unknown to the plaintiff.

At the conclusion of plaintiff's evidence the court sustained a demurrer as to all grounds of negligence alleged in the petition, "except the one with reference to the machine starting up after he (the plaintiff) started to pull on the bar." The defendant offered no evidence, and the case was submitted to the jury on the evidence of the plaintiff. The jury returned a verdict in plaintiff's favor for $1000, upon which judgment was rendered in his favor. The defendant brings the case here for review.

The court instructed the jury that "the plaintiff imputes negligence to the defendant in this, that defendant was negligent in running and operating the steam shovel when the plaintiff was at the jackscrew and making an effort to tighten it up as ordered and directed by the defendant."

Notwithstanding the ruling of the court on the demurrer and the general instruction as to the negligence relied upon, the court proceeded to instruct the jury that the defendant assumed the duty of exercising

reasonable care to provide his servant, the plaintiff, with a reasonably safe place in which to work, and also to exercise ordinary care to keep it in a reasonably safe condition for work by the servant; and that the failure on the part of the master to exercise such care in these respects would be negligence, for which the plaintiff might recover if without fault on his part. The court also charged that if the jury found from the evidence that the company had discharged its duties toward the plaintiff in this particular plaintiff could not recover.

Complaint is made of the instructions on the ground that the court in its ruling on the demurrer had already taken from the jury the claim that the defendant was negligent in not providing the plaintiff with a reasonably safe place in which to work. We think the defendant places a too narrow construction upon the court's ruling on the demurrer. From the instructions given, we assume that the court proceeded upon the theory that Johnson's act in starting the steam shovel and operating it while plaintiff was engaged in attempting to turn the jackscrew rendered the place where plaintiff was at work unsafe. It is true that it was not specifically alleged in the petition that the defendant had failed in its duty to furnish plaintiff a reasonably safe place to work, except for the failure to inform him of the danger of the slipping of the jackscrew; and the court took this charge of negligence from the jury. But was it necessary for the petition to contain a statement that the negligence complained of rendered the place where the plaintiff worked unsafe? The duty to furnish a reasonably safe place is one which the law imposes upon the master. Where a petition sets forth the facts showing acts of negligence, from which it appears that there has been a failure of the master to provide a reasonably safe place, the absence of an averment of the legal conclusion to that effect will not render it error for the court to submit to the jury the question whether

or not the negligent acts, if proven, amounted to a failure to provide the plaintiff with a reasonably safe place in which to work.    Where facts are alleged which under the law constitute fraud, the pleading is not objectionable because of the absence of the averment of fraud or deceit.    In *Way v. Bronston,* ante, p. 446, 138 Pac. 601, it was said in the opinion:

"It can not be successfully claimed that the use of the words 'fraud' or 'deceit,' or words of like import, are necessary, if the facts stated fairly imply fraudulent conduct.    The term 'fraud' is a legal epithet applied to facts narrated in stating the conduct of a party in a transaction complained of and is a conclusion from facts stated.    The word or an equivalent one need not be used if the facts appear showing a fraudulent transaction.    (Bliss on Code Pleading, 3d ed., § 211.)    It is not necessary to label a cause of action.    Its nature is determined by the facts stated.    (*L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.,* 18 Kan. 169; *The State, ex rel., v. Williams,* 39 Kan. 517, 18 Pac. 727; *Cockrell v. Henderson,* 81 Kan. 335, 105 Pac. 443; 20 Cyc. 97.)" (p. 448.)

One of the principal complaints of the defendant is that the court erred in submitting the question of proximate cause to the jury.    It is insisted that under the evidence the question was not one of fact to be passed upon by the jury, but of law to be determined by the court.    It is true that the rule is that where it is either admitted, or from the facts as shown it is established, that two distinct causes produced a given injury, the question of remote and proximate cause is one for the decision of the court, and the determination of the question by the jury is not conclusive.    (*Light Co. v. Koepp,* 64 Kan. 735, 67 Pac. 608; *Railway Co. v. Columbia,* 65 Kan. 390, 69 Pac. 338.)    It is also true that the proximate cause of an injury is not always, nor more generally, the act or omission nearest in time or place to the effect it produces.    (*Cleghorn v. Thompson,* 62 Kan. 727, 733, 64 Pac. 605; *Railway Co. v. Parry,* 67 Kan. 515, 73 Pac. 105.)

In this case, however, the jury find that the proximate cause of the injury was the act of Johnson in putting in motion the steam shovel while the plaintiff was at work at the jackscrew. They find that the operation of the steam shovel did not cause or contribute to the fall of the plaintiff at the time. They further find that the condition of the jackscrew caused the fall and that Johnson caused the wheel to injure the finger. The court very properly instructed the jury in regard to proximate cause and charged that the general test as to whether negligence is the proximate cause of an accident is whether it is such that a person of ordinary intelligence should have foreseen that an accident was liable to be produced thereby, and that it is sufficient that the injury or danger is the natural though not the necessary and inevitable result of the negligent act. The jury were further charged that the negligence of a person can not be the proximate cause of harm to another unless under all the attending circumstances ordinary prudence would have admonished the person sought to be charged with the negligence that his act or omission would probably result in an injury to some one. No fault is found with the statement of the law in these instructions. It is insisted, however, that upon the facts it was a question of law for the court and not for the jury. We think it was a question for the jury to determine in view of all the attending circumstances, including the condition of the jackscrew, whether a person of ordinary prudence in the position of Johnson should not have foreseen that some accident was likely to happen to the plaintiff by the moving of the machine while he was so near at work on the jackscrew, and that therefore it can not be said as a matter of law that the starting of the machine was the remote and the losing of the plaintiff's hold upon the iron bar the proximate cause of his injury.

It is urged that the act of Johnson was that of a fellow servant for which the master can not be held

liable. He was left by the master in charge of the work with authority to direct the plaintiff what to do and when to do it, and with authority to operate the machine, to start and to stop it; and the master can not avoid his liability by delegating to another employee the duty to provide his servants with a reasonably safe place to work because the one to whom he has delegated the duty will be regarded as a vice-principal. Thus in *U. P. Rly. Co. v. Fray*, 43 Kan. 750, 23 Pac. 1039, it was held that a railway company is liable to a laborer, assisting in hoisting stone by means of a derrick, for injuries caused by the negligence of the foreman, whose duty it was to direct repairs and keep the derrick in a safe condition, if such laborer is without fault. (See, also, *Mining Co. v. Robinson*, 67 Kan. 510, 73 Pac. 102; *Brick Co. v. Shanks*, 69 Kan. 306, 76 Pac. 856.) In the latter case it was held that in determining whether or not two employees are fellow servants the fact that the negligent act of one, which injures the other, violates a duty which the master himself owes is controlling, irrespective of the rank or grade of service between the employees, and though they are engaged in a common employment directed to a common end. (See, also, *A. T. & S. F. Rld. Co. v. Moore*, 29 Kan. 632; *A. T. & S. F. Rld. Co. v. Moore*, 31 Kan. 197, 1 Pac. 644; *Mo. Pac. Rly. Co. v. Dwyer*, 36 Kan. 58, 12 Pac. 352.)

There are several reasons why the contention that the plaintiff assumed the risk can not be sustained. According to his testimony when he started to obey the direction of Johnson he supposed the steam shovel would not be started in operation. Therefore he can not be said to have known and appreciated the risk. Moreover, the ordinary risks which he assumed were only those which accrued after due performance of the duties which the law imposed upon the master. (*Emporia v. Kowalski*, 66 Kan. 64, 71 Pac. 232, and cases cited in the opinion.)

While the only injury the plaintiff sustained was to the little finger of the left hand, the evidence shows that it is a permanent injury, and we find nothing in the record which would authorize us to say that the amount of the verdict was the result of prejudice or passion. We discern no error in the record and the judgment is affirmed.

PORTER, J. (dissenting): The fact is undisputed that plaintiff was in no danger from the starting of the machine unless he slipped and fell. It is established, therefore, that two distinct causes produced the injury. The determination of the jury as to which was the remote and which the proximate cause is not conclusive. (*Light Co. v. Koepp,* 64 Kan. 735, 67 Pac. 608; *Railway Co. v. Columbia,* 65 Kan. 390, 69 Pac. 338.) I think it can not be said that the injuries in this case are the natural result of the act of starting the machine in operation.

I am authorized to state that Mr. Justice BURCH concurs in this dissent.