No. 18,874.

JOHN A. FLEENER, *Appellee*, v. THE CUDAHY PACKING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Loose Plank — Personal · Injuries — Sufficient Evidence.* While carrying a heavy load up an incline the plaintiff was injured by a plank slipping under his foot as he attempted to step from it into a room where the load was to be deposited. The plank was ten or twelve feet long, about one foot wide, and two inches in thickness, and had been placed in the position indicated for laborers to walk upon in doing the work referred to. Upon these facts a verdict finding that the defendant was negligent is sustained.

2. INSTRUCTIONS — *Contributory Negligence — Assumption of Risk.* Questions of contributory negligence and assumption of risk were properly submitted to the jury upon the evidence.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed June 6, 1914. Affirmed.

*R. R. Vermilion, Earle W. Evans,* and *Joseph G. Carey,* all of Wichita, for the appellant.

*E. E. Enoch, John W. Adams,* and *George W. Adams,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This appeal is from a judgment awarding damages for personal injuries.

The plaintiff was a laborer at the defendant's packing house at Wichita. On the afternoon upon which he was injured he was required, with others, to carry stoker grates into a boiler room, located six feet above the surface of the ground. In doing this work the laborers walked up an incline from the ground to the boiler room. The incline was twenty-four feet in length and six feet in width. The north part to the width of four feet was covered with iron; the other two feet in width on the south was uncovered. The incline terminated at the entrance to the boiler room through a brick wall. The entrance was high enough in the center but not at the sides to permit the men to pass through without stooping. A plank ten or twelve feet long had been laid diagonally over the iron covering of the incline from the uncovered part to the middle of the entrance to the boiler room. In carrying the grates the men walked up the uncovered part of the way to this plank and upon the plank into the room. The weight of the loads so carried was between fifty and sixty pounds. The plaintiff had never been upon the incline until the day on which he was injured. Three other men were also engaged in the same work, following each other in carrying the grates. In carrying his third or fourth load the plank slipped just as he was stepping from it into the boiler room, causing him to fall. The grates he was carrying fell upon his hand, crushing two of the fingers and otherwise injuring it.

The negligence complained of, briefly stated, is that the incline upon which the plaintiff was required to

walk was unsafe because of the loose plank which by slipping caused the injury.

The defendant denies any negligence on its part and pleads assumption of risk and contributory negligence.

It is not deemed necessary to discuss the question of the defendant's negligence further than to say that placing the plank in the position stated for laborers to walk upon while bearing heavy burdens, without providing any fastening or other safeguards, presented a question of fact upon which a finding of negligence must be sustained.

The plaintiff, in the absence of knowledge to the contrary, had the right to presume that the company had performed its duty in making the incline reasonably safe for the use which he was required to make of it. In order to find that he assumed the risk of so using it it must appear that he had knowledge or was chargeable with notice of its unsafe condition, and apprehended the danger of using it. Although he had worked for the company for some time his duties had not required an examination or caused him to observe the condition of the incline in this respect. It is not shown that he had ever seen the plank until called to this service on the day on which he was hurt. His knowledge concerning the plank was limited to what he saw in going over it three or four times and seeing his fellow laborers do the same. It does not appear that the plank was so frail or obviously insecure as to indicate to the plaintiff danger of probable misplacement, and he was not required to investigate whether it was secured otherwise than by its own weight. (*Every v. Rains,* 84 Kan. 560, 568, 115 Pac. 114.) The jury were instructed, in substance, that unless the danger was so obvious that a man of ordinary prudence would not have attempted to use the plank then he had a right to obey instructions and use it. This with other instructions fairly submitted the questions of assumed risk and contributory negligence.

While error is assigned upon the instructions they are not criticised in the brief. The only matters urged as grounds of reversal have been considered and found insufficient.

The judgment is affirmed.