Horine v. Hammond.

---

No. 19,351.

G. L. HORINE, *Appellee,* v. J. K. HAMMOND and R. B. HAMMOND, Partners, etc., *Appellants.*

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Defective Floor—Falling Scaffold—Evidence Sufficient Against Demurrer Thereto.* An examination of the abstracts discloses that there was some evidence tending to prove each fact necessary to be established to prove the plaintiff's case, and for that reason a demurrer to the evidence was properly overruled.

2. SAME—*Verdict Approved by Trial Court—Not Disturbed.* A general verdict, approved by a trial court, when based on sufficient, although conflicting evidence, will not be disturbed by the supreme court.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed March 6, 1915. Affirmed.

*Edgar Bennett,* and *Charles W. Clarke,* both of Washington, for the appellants.

*C. E. Ingalls,* and *Charles Smith,* both of Washington, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover damages on account of personal injury caused by defendants' negligence. Verdict and judgment for plaintiff, for $1200. The defendants appeal.

In his petition, the plaintiff alleges:

"That said defendants . . . were engaged in the erection of a building in the city of Haddam City . . . and . . . employed plaintiff, who is a plasterer by trade, to assist in plastering the inside of said building; . . . and . . . was, on the first day of January, 1913, engaged with others in plastering the walls of a certain room in said building which work plaintiff had been directed to do by defendants; and . . . while assisting in moving a scaffold used by himself and associates in said work, and necessary to the doing of said work, he did, without fault on his part, step and fall into a hole or opening in the floor of said room, which hole or opening had been negligently left, and allowed to be, and remain, and was then without proper or sufficient covering for the reasonable safety and protection of plaintiff while engaged in said service, as defendants well knew; that the moving of said scaffold was an incident to, and a necessary detail of, the work to which the defendants had set plaintiff as aforesaid; that when plaintiff fell, or stepped, into said hole or opening in said floor said scaffold, which he was assisting to carry was thereby thrown over and the heavy lumber of which it was composed fell upon plaintiff; but that his foot was held fast in said hole or opening in said floor so that he could not remove the same, all of which resulted in the breaking and bruising of plaintiff's leg, dislocating his ankle, bruising and injuring his head and back, seriously wrenching and injuring him internally."

Defendants' answer was a general denial.

From defendants' abstract, we quote a part of the evidence of the plaintiff, as follows:

"We had been working on the ceiling and were getting ready to work on the walls again; were moving the scaffold to work on the walls; it was the sixth day that I had worked there. The scaffold stood about eight feet high with three trestles under it with plank on top about ten feet long. We were carrying the scaffold and the scaffold struck something that stopped us; could not see back to see or tell what, and I braced myself, holding to the scaffold, and my feet slipped into a hole in the floor. My feet went into this hole and the scaffold came right across my leg. The trestle was probably six feet in length and the board covering was about four feet wide. The boards were wet, and had water on them, and that made them heavy. There were six men carrying the scaffold. I was on the north trestle and was on the west end next to the wall. The hole in the floor was about two feet long and probably fifteen inches wide. Had not noticed it particularly, just saw the boards on there and knew they covered something. Thought the boards were nailed down. There was a little crack and my heel slipped into that crack and pushed the board back and that let my heel drop down in. This threw me off of my balance and the scaffold went over. I tried to hold the trestle up but could not and went down under the scaffold. That is the usual and customary way of moving scaffolds of that kind. Howard Hammond was in charge of the work and he said, 'Take hold of this scaffold, boys, and let's move it.'

"Q. I will ask you if the injury, such injury as you received, was occasioned by these boards or the scaffold falling on you after your feet had become fastened between these boards in that hole? A. Yes, sir.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"I have been plastering nearly all my life and this hole was not covered in a safe and reasonable manner but should have been covered with long boards or the boards should have been nailed down to make a reasonably safe arrangement."

The evidence of the plaintiff was closely corroborated by another witness, E. J. Whetstine.

Another witness, F. L. Larabee, testified in part as follows:

"We were going north with the scaffold and he would be the first one to cross the cold air duct. We did not raise the scaffold high enough and the back scaffold caught on a pile of lumber and threw it over. The legs of the trestle stopped and the top went on over to the north. Horine fell under the scaffold and the scaffold fell on him. He did not step in the cold-air duct. I helped take the scaffold off of him and his feet was lying on the floor with the big scaffold boards on him. There was no opening in the air duct big enough for a man's foot to get into. I helped take the boards off of Mr. Horine and when I first saw him, his foot was not in the hole."

The defendants demurred to the evidence. The demurrer was overruled. They elected to stand on their demurrer. The case was then submitted to the jury. The defendants claim that the demurrer to the evidence should have been sustained; that the evidence shows conclusively that the plaintiff was hurt by the scaffold falling on him, and not by his stepping into the hole. They further claim that the plaintiff assumed the risk and hazard of his occupation and that therefore the defendants were in no way liable to him for the injury sustained. No other matters are complained of or argued in defendants' brief. There is no assignment of errors. The case was submitted to the jury, under instructions of which no complaint is made, except in the motion for a new trial.

There was evidence tending to prove each fact necessary to establish the plaintiff's case, and the demurrer to the evidence was for that reason properly overruled. It is true that some of this evidence was contradicted, but that contradiction could not be disposed of on a demurrer to the evidence. (*Wolf v. Washer,* 32 Kan. 533, 4 Pac. 1036; *Rogers v. Hodgson,* 46 Kan. 276, 26 Pac. 732; *Croll v. Railroad Co.,* 57 Kan. 548, 550, 46 Pac. 972; *Higgins v. Railway Co.,* 70 Kan. 814, 819, 79 Pac. 679.)

Horine v. Hammond.

We can not agree with the defendants that the evidence .shows conclusively that the plaintiff was hurt by the scaffold falling on him, and not by his stepping into a hole. The evidence on this point is conflicting. The jury found in favor of the plaintiff. That finding is conclusive in this court. This principle has been adhered to so long that it seems unnecessary to cite authorities in support of it. One case is *Backus v. Clark*, 1 Kan. 303; another is *Mason v. Harlow*, 92 Kan. 1042, 142 Pac. 243. Numerous cases between these can be found.

The question of assumption of risk was likewise submitted to the jury. The plaintiff's evidence is, that he had not noticed the hole particularly; that he had seen the boards and knew they covered something, but thought they were nailed down. The plaintiff had a right to presume that he had a safe place in which to work. It was proper to submit this question to the jury. The finding was in favor of the plaintiff. That finding will not be disturbed. (*Railroad Co. v. Burgess*, 72 Kan. 454, 83 Pac. 991; *Every v. Rains*, 84 Kan. 560, 561, 568, 115 Pac. 114; *Sibley v. Cotton-mills Co.*, 85 Kan. 256, 116 Pac. 889; *Wells v. Swift & Co.*, 90 Kan. 168, 172, 133 Pac. 732; *Barnett v. Cement Co.*, 91 Kan. 719, 725, 139 Pac. 484; *Fleener v. Packing Co.*, 92 Kan. 573, 575, 141 Pac. 246.)

· Nothing sufficient to warrant this court in reversing or in any way modifying the judgment of the trial court has been shown. The judgment is affirmed.