No. 22,838.

C. V. HUTTON, *Appellee,* v. THE LINK OIL COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. PLEADINGS—*Petition Consisting of Two Counts—One Under Work-man's Compensation Act—One for Damages Resulting from Negligence—No Misjoinder—No Election Required.* A petition consisted of two counts, one stating facts which, if established, would entitle plaintiff to recover under the workmen's compensation law; the other stated a cause of action for damages for injuries which it was alleged resulted from defendant's negligence. *Held,* there was no misjoinder, and *further,* that plaintiff could not be required to elect between the two causes of action.

2. NEGLIGENCE—*Insecurely Fastened Derrick—Proximate Cause of Accident to Plaintiff.* The foreman and another employee of the defendant were engaged in removing casing from a well, using a derrick made of iron piping. There were three guy wires on the derrick but only two of them were fastened. As each length of casing was drawn it was loaded on a wagon to which there was hitched a team of horses. In attempting to pull one of the joints of casing, the strain caused the derrick to topple over and it fell across the back of one of the horses knocking the animal down. The other horse was hitched to the derrick to pull it off the one that was down, and as this was being done, C. V. Hutton, a bystander, at the request of the foreman assisted the latter to roll the pipe from the fallen horse. The hitched horse started with a jerk and plaintiff was caught in the wreckage and his leg was broken. *Held,* that these facts warranted a finding that the negligence of the defendant in failing to have the third guy rope fastened was the proximate cause of the accident by which plaintiff was injured.

3. SAME—*Instructions Not Prejudicial.* Certain language in an instruction considered and held not prejudicial in view of other instructions given.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed January 8, 1921. Affirmed.

*J. A. Ferrell,* of Sedan, and *G. W. Earnshaw,* of Joplin, Mo., for the appellant.

*W. L. Cunningham,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The foreman and another employee of the defendant were engaged in removing casing from a well, using

a derrick made of iron piping. There were three guy wires on the derrick but only two of them were fastened. As each length of casing was drawn it was loaded on a wagon to which there was hitched a team of horses. In attempting to pull one of the joints of casing, the strain caused the derrick to topple over and it fell across the back of one of the horses, knocking the animal down. The other horse was hitched to the derrick to pull it off the one that was down, and as this was being done, C. V. Hutton, a bystander, at the request of the foreman assisted the latter to roll the pipe from the fallen horse. The hitched horse started with a jerk, pulling the derrick endways instead of sideways, and C. V. Hutton was caught in the wreckage and his leg was broken. He sued the oil company, the petition setting up two causes of action: one under the workmen's compensation act; the other a common-law action for damages for injuries caused by the alleged negligence of the defendant in failing to have the third guy rope fastened and in causing the horse that was hitched to the wreckage to start suddenly. From a judgment in his favor, the oil company appeals.

A number of rulings are complained of upon which the defendant cannot rely as they were made more than six months before the appeal. However, there is no merit in the contention that it was the duty of the court to require plaintiff to elect between the first and second causes of action. In the first count of his petition, plaintiff stated facts which, if established, would entitle him to recover under the workmen's compensation act. But even though he was not able to show that he was within the provisions of the compensation act, he claimed that he was injured by negligence of the defendant and that under the facts stated defendant was liable. There was no misjoinder of causes of action. In the case upon which defendant relies, *McRoberts v. Zinc Co.*, 93 Kan. 364, 144 Pac. 247, it was not disputed that both parties were within the compensation act. In *Flannigan v. Railway Co.*, ante p. 133, 193 Pac. 1077, it was held that an action to recover damages resulting from an employee's death may be predicated upon both the Federal employer's liability act and the safety-appliance acts, "and the plaintiff may go to the jury on as many grounds of recovery as the evidence tends to establish, under proper in-

structions as to each, without electing between the acts mentioned." (Syl. ¶ 3.) Suppose that the plaintiff had been in defendant's employ but was unable to prove that the latter had the specified number of employees, and for that reason the provisions of the compensation act did not apply, the fact that plaintiff had elected to begin his action under the compensation law would not bar an action under the common law. The plaintiff was not obliged to assume any risk about the matter but was entitled to state in his petition the facts as he claimed they were, and maintain his action under the statute, if that were applicable, and if not, then under the common law. The verdict is a denial of his right to recover under the compensation law. The court submitted both causes of action, but the jury rendered a verdict in his favor for damages.

As there were no special findings, the verdict leaves it problematical whether the jury found that defendant was negligent in the manner in which the derrick was supported, or in the manner in which the hitched horse was allowed to start with a jerk, or whether they based their verdict upon both acts of negligence alleged in the petition.

There is no merit in the contention that the instructions tended to create confusion in the minds of the jury with respect to the issues. With possibly one exception to be noted, the instructions clearly defined the law controlling each of the two different causes of action. Instruction No. 11 referred to the cause of action upon which plaintiff recovered. It reads:

"The acts of negligence complained of by the plaintiff in his petition are:

"1st. The defendant was careless and negligent in the manner of fastening the guy rods of the mast or derrick which fell upon the horse, in that, it only fastened two guy rods and left a third one unfastened; and

"2d. That the defendant through its agent and employee carelessly and negligently started the horse which was hitched to the fallen mast in a violent and reckless manner, and thereby jerked the derrick or mast with great force and violence so that it was turned and an eye bolt attached thereto caused to strike against the leg of the plaintiff, thereby breaking it;

"And it is for these acts of negligence and for none other that the plaintiff can recover, if at all, in this action, on account of negligence."

Another instruction stated that if plaintiff was a visitor or bystander on the premises and was called upon by the defend-

ant to render assistance in getting the derrick off the horse, he could, under certain circumstances, recover; and the jury were told that the burden was on plaintiff to prove by a preponderance of the evidence, "both the request on the part of defendant" to assist in the work of removing the mast from the horse and "also that defendant was guilty of negligence in one or both of the particulars alleged, which caused his injuries."

Defendant's principal contention is that any carelessness or negligence in the manner of fastening the guy ropes to the derrick was not the proximate cause of plaintiff's injuries. In *Light Co. v. Koepp,* 64 Kan. 735, 68 Pac. 608, it was said in the opinion:

"The negligent acts cannot be the proximate cause of an injury to one unless, under all the circumstances ordinary prudence would have admonished the person sought to be charged with negligence that his acts or omissions would result in injury to someone. The general test as to whether negligence is the proximate cause of an accident is said to be such that a person of ordinary intelligence should have foreseen that an accident was liable to be produced." (p. 737.)

In that case the light company permitted Radford to place a telephone wire on its electric-light poles where the telephone wire came in close proximity to heavily charged and uninsulated electric wires which caused the Radford residence to take fire and the fire caused the telephone wire to be detached from the house and fall to the ground on a vacant lot where plaintiff, while going to the fire, and without any fault on his part, ran on the telephone wire and received an injury. It was held that the negligence charged was not the proximate cause of the injury and that the court should have so instructed the jury. The opinion quotes with approval the following statement of the law from the supreme court of Wisconsin:

"The court has said many times, substantially, that the test of actionable negligence is not whether the injury complained of was the immediate or the natural result of the conduct of another; that there must be the negligent act, an injury as a natural and probable result, either immediate or at the end of a succession of events united by a close causal connection, together forming a complete chain reaching from the act complained of down to the injury, and producing it; the attending circumstances in either case being such that a person of ordinary intelligence and prudence might reasonably have expected the injury as a probable result of such negligent act." (*Deisenrieter v Kraus-Merkel Malting Co.,* 97 Wis. 279, 286.)

In *Railway Co. v. Columbia,* 65 Kan. 390, 69 Pac. 338, grain doors had been piled on a depot platform. A severe gale and windstorm blew the doors upon the railway track which caused the derailment of an engine and the death of plaintiff's intestate. The custom of piling doors on the platform in the same manner had existed for several years during which no accident had resulted therefrom. The jury found that the piling of the doors in an exposed position on the elevated platform was the proximate cause of the injury and that the severe gale which blew the doors upon the tracks was not the proximate cause. This court held that the piling of the doors on the platform was not the proximate cause of the accident because of the intervening agency of the gale of wind. The opinion referred to the general proposition that negligence is not the proximate cause of an accident unless under the circumstances the accident was the probable, as well as the natural consequence thereof—one which might reasonably have been foreseen by a man of ordinary intelligence and prudence. It was said in the opinion:

"In cases of this character where two distinct, successive causes, unrelated in operation, to some extent contribute to an injury, it is settled that where there is an intervening and direct cause, a prior and remote cause cannot be made the basis for recovery of damages, if such prior cause did no more than furnish the condition, or give rise to the occasion, by which the injury was made possible." (p. 399.)

The Columbia case and the authorities cited therein have been considered in a number of situations involving the question of proximate and remote cause. The general doctrine of that decision is sound. The difficulty rests in its application to peculiar facts. The general rule is thus stated in *Milwaukee, etc., Railway Co. v. Kellogg,* 94 U. S. 469:

"The inquiry must, therefore, always be whether there was any intermediate cause, disconnected from the primary fault, and self-operating, which produced the injury." (p. 475.)

A discussion of the numerous decisions, or an attempt to travel through the wilderness of precedents on this question, would not be profitable. It is sufficient to say that the court is of the opinion that the facts in this case do not show that the two distinct acts of negligence were unrelated in their operation, that is, the negligent manner in which the wreckage was

removed from the horse cannot be disconnected from the primary and self-operating fault of the defendant in failing to properly guy the derrick. It is true that the specific injury might not have been foreseen, but the rule does not require that it should be. It is enough that injury might reasonably have been expected, either to the men engaged in the work, or to the horses, and that in case the derrick fell on either men or animals, bystanders would be called to assist, and that in the excitement and haste that would naturally occur, someone might be injured.

It is apparent that but a few minutes elapsed from the time the derrick fell until the plaintiff received his injury. It is true the derrick was down, but it rested on one of the horses and in order to save the horse from further injury it became necessary to act quickly and to move the derrick. A case cited by the plaintiff which appears to be quite in point is *Liming v. Ill. Cent. Ry. Co.*, 81 Iowa, 246. The petition alleged that defendant's locomotive engine set out a fire which was communicated to a barn belonging to a neighbor of the plaintiff. Plaintiff attempted to put out the fire and being unsuccessful, went to the barn to save some of the horses belonging to the neighbor, and in attempting to escape from the barn received the injuries complained of. It was held that the petition was not subject to a demurrer on the ground that the proximate cause of the injury was the plaintiff's efforts to save his neighbor's property. In the opinion it was said:

"It is the duty of everyone, according to the requirements of an enlightened and just public sentiment, to use reasonable efforts to preserve the property of others from threatened destruction; and, as is well known, it is a duty which people generally are quick to discharge. The defendant could have foretold, with almost absolute certainty, when it set the fire in question, that plaintiff, being near, would use every reasonable means in attempting to save Ortman's horses from the flames, and there was nothing surprising or unusual in the attempt he made. Under the circumstances of the case, it was the natural and probable result of the wrong of defendant." (p. 253.)

Another case in point, cited by plaintiff, is *Page v. Bucksport*, 64 Maine, 51, which was an action against the town of Bucksport for damages sustained by plaintiff which plaintiff claimed to have been caused by a defective bridge. A horse which plaintiff was driving over the bridge broke through.

Hutton v. Oil Co.

Plaintiff jumped out and undertook to assist the horse in extricating himself. In the struggle of the horse to get free, plaintiff was struck by the horse and personally injured. The question was whether the defective bridge was the direct and proximate cause of the injury to plaintiff. In the opinion it was said:

"There may be a good deal of subtlety and refinement of argument upon questions of this kind. There can be no fixed and immutable rule upon the subject that can be applied to all cases. Much must therefore, as is often said, depend upon the circumstances of each particular case.

"Upon the facts of this case, we think that the defect in the way was the proximate cause of the injury, and that the defendants are liable for the damages sustained. The foundation of this liability is the services rendered or attempted to be rendered by the plaintiff for the benefit of the town, when the injury was received. . . . We think that all which took place at the time of the accident was, as between these parties, but a single happening or event. It was but one accident." (pp. 53, 54.)

Complaint is made of instruction No. 15, which charged that if plaintiff was a visitor or bystander on the premises and was called on in the emergency to assist in getting the derrick off the horse and received injuries in rendering this assistance, "and that the same was the proximate cause of the negligence of the defendant in the erection or guying of the derrick which produced the emergency situation, which caused defendant to request the assistance of the plaintiff or by the negligence of the defendant in performing the work of removing the derrick from said horse . . . then the defendant will be liable for such injuries." It is said in plaintiff's brief that the wrong use of several words in the instruction was not called to the court's attention and, in fact, was not noticed by court or counsel until after the verdict. Some of the language, taken literally, is unintelligible, and the error probably arose in transcribing the instruction. However, in view of the others given, we are inclined to think that the jury could not have been misled by the erroneous use of words in this instruction.

The judgment is affirmed.