No. 23,863.

RAY HOLLINGSWORTH, *Appellee,* v. GEORGE D. BERRY and HERMAN H. FISHER, *Appellants.*

### SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Injuries—Findings Not Inconsistent with General Verdict.* In an action by a servant against his master for damages for personal injury caused by the negligence of the latter, it is not error for the court to deny a motion for judgment on the answers to special questions submitted to the jury where those answers are not inconsistent with the general verdict.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed July 8, 1922. Affirmed.

*Thomas E. Wagstaff,* of Independence, for the appellants.
*Charles D. Welch,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment against them for damages sustained by the plaintiff on account of personal injuries received by him while working for the defendants in drilling an oil well.

The petition alleged that the defendants were negligent in giving him an unsafe place in which to work; that the defendant, Herman H. Fisher, one of the employers of the plaintiff, was working with the latter; and that Fisher was guilty of negligence in the manner in which he handled a sledge hammer with which he was working. The defendants pleaded contributory negligence on the part of the plaintiff and the assumption of risk by him.

Trial was by a jury, and verdict was rendered for the plaintiff. Special questions were answered as follows:

"Q. 1. Do you find that the defendant, Fisher, was in charge of and directing the work at and prior to the time of plaintiff's injury? A. Yes.

"Q. 2. Do you find that the tools were caused to fall on account of the striking of the chain which held the brake? A. Yes.

"Q. 3. If the above question is answered 'yes' please state who held the sledge at the time it struck the chain. A. Fisher.

"Q. 4. Do you find that the defendant, Fisher, by the exercise of reasonable care and prudence could have prevented said chain from being struck with the sledge? A. Yes.

"Q. 5. Do you find that the place where plaintiff was working at the time of his injury was a safe place to work? A. No.

Hollingsworth v. Berry.

"Q. 6. Do you find that the defendants by the exercise of reasonable care and prudence could have rendered said place a safe place to work? A. Yes.

"Q. 7. Do you find that the defendants used reasonable care to adopt a safe method of doing the work on which Ray Hollingsworth was engaged at the time of his injury? A. No.

"Q. 8. How much time do you find that plaintiff lost by reason of his injury? A. Don't know.

"Q. 9. If you find that Ray Hollingsworth was guilty of any negligence which contributed to his injury, please set out and describe his said negligence. A. No.

"1st. Do you find plaintiff was an experienced tool dresser at the time he was injured? A. Yes.

"2nd. Do you find that the plaintiff knew the tools were suspended above the casing while plaintiff was assisting defendant, Herman H. Fisher, to set said casing? A. Yes.

"3rd. Do you find that it was the usual custom established by the defendants to hoist the tools above the casing and hold them there while ripping or cutting off the casing at the top of the well? A. Yes.

"4th. Do you find it was the customary and usual method in the oil field to suspend the tools above while cutting the casing beneath the same? A. Yes.

"5th. Do you find that the plaintiff was perfectly familiar with the operation of a Lidecker drilling machine at the time of his injury? A. No.

"6th. Do you find that the injuries plaintiff sustained were the result of an unavoidable accident? A. No.

"7th. If you answer Question No. 6 in the negative then do you find from the evidence that the plaintiff knew the brake was so tightened down by the chain that if the chain was struck suddenly the machinery would be released and the tools fall? A. Yes.

"8th. If you answer Question No. 6 in the negative state whether plaintiff without direction of the defendants tightened down the chain attached to the brake. A. Yes."

The defendants moved for judgment in their favor on the answers to the special questions. That motion was denied, and judgment was rendered for the plaintiff on the verdict. There was no motion for a new trial. All questions concerning the evidence or instructions are therefore eliminated. No question concerning the pleadings is argued. Nothing remains for discussion except the order denying the motion for judgment on the special findings of the jury.

The rule is—

"Where the general verdict of a jury and their special findings of fact can be harmonized and made to agree by taking into consideration the entire record of the case, and construing the same liberally for that purpose, it is the duty of the court to so harmonize them." (*Bevins v. Smith*, 42 Kan. 250, syl. ¶ 1, 21 Pac. 1064. See, also, *Osburn v. Railway Co.*, 75 Kan. 746, 90 Pac. 289;

*Lewellen v. Gas Co.,* 85 Kan. 117, 116 Pac. 221; *McClain v. Railway Co.,* 89 Kan. 24, 28, 130 Pac. 646; *Tarin v. Railway Co.,* 98 Kan. 605, 608, 158 Pac. 874; *Burzio v. Railway Co.,* 102 Kan. 287, 292, 171 Pac. 351.)

In *Osburn v. Railway Co.,* 75 Kan. 746, syl., 90 Pac. 289, it was said:

"It is error for a court to set aside a general verdict and enter judgment on the special findings, unless the special findings compel such action. Where it is possible to harmonize the special findings with the general verdict the latter is controlling." (See, also, *Young v. Railway Co.,* 82 Kan. 332, 337, 108 Pac. 99; *Wurtenberger v. Railway Co.,* 68 Kan. 642, 75 Pac. 1049; *Railroad Co. v. Morris,* 76 Kan. 836, 93 Pac. 153; *Barnett v. Cement Co.,* 91 Kan. 719 725, 139 Pac. 484; *Whetzell v. Railway Co.,* 105 Kan. 289, 182 Pac. 409.)

From *Emporia v. Kowalski,* 66 Kan. 64, 71 Pac. 232; *Plaster Co. v. Reedy,* 74 Kan. 57, 85 Pac. 824; *Railway Co. v. Green,* 75 Kan. 504, 89 Pac. 1042; *Railway Co. v. Loosley,* 76 Kan. 103, 113, 90 Pac. 990; and *Barnett v. Cement Co.,* 91 Kan. 719, 725, 139 Pac. 484, this rule may be deduced: That a servant does not assume the risk of injury from the master's negligence unknown to the servant. In the present case, the injury was sustained at the time the negligent act occurred.

The jury specifically found that the plaintiff was not guilty of any negligence which contributed to his injury. The answers to the questions did not show that the plaintiff assumed the risk of injury to him and were not inconsistent with the general verdict.

The judgment is affirmed.