Myers v. Goggerty.

JOHN D. MYERS, *as Receiver of the State Bank of Circleville*, v. J. C. GOGGERTY.

**No. 819.** (63 Pac. 296.)

PRACTICE, *District Court—Offer to Compromise—Evidence.* An offer or negotiation to compromise should not be regarded as an admission of indebtedness, nor should such fact be used in evidence against the party offering to adjust the matters in dispute. One who makes an offer to compromise should not be prejudiced thereby in his right to insist upon any legal defense he may possess.

Error from Jackson district court; MARSHALL GEPHART, judge. Opinion filed January 1, 1901. Affirmed.

*U. S. G. Mitchell*, and *John D. Myers*, for plaintiff in error.

*Hurrel & Graham*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by John D. Myers, receiver of the State Bank of Circleville, against J. C. Goggerty, for the recovery of the amount alleged to be due on a promissory note executed by the defendant to the bank of which plaintiff was receiver. The petition contained the necessary and usual averments for a recovery upon the note. The defendant in his answer pleaded: (1) A general denial; (2) that he signed the note as an accommodation for the bank, without any consideration; and (3) that on or about the 6th day of July, 1899, Hoffhines, the cashier of the State Bank of Circleville, as such cashier made, executed and delivered to the defendant, J. C. Goggerty, on behalf of said bank, a receipt in full payment of said note, stating at the time that

as soon as the note could be returned the same would be delivered to defendant.

The plaintiff, for a reply, filed a general denial. A trial was had before a jury, who returned a general verdict for the defendant. The jury also made certain special findings of fact. Plaintiff's motions for a new trial and for judgment upon the special findings were overruled, and judgment was rendered upon the verdict. John D. Myers, receiver, as plaintiff in error, presents the record to this court for review, and alleges error in the proceedings of the trial court: 1. That the court erred in striking out competent testimony. 2. That the court erred in overruling plaintiff's motion for a new trial.

1. The testimony, taken from the jury on motion of the defendant, showed that the defendant was willing to compromise rather than continue in litigation ; that he was willing to part with some Oklahoma property in settlement of the claim set up by the receiver, and thereby purchase his peace. An offer or negotiation to compromise should not be regarded as an admission, nor should that fact be used in evidence against the party offering such adjustment. It appears that the defendant, after the suit was instituted, which was an action for the recovery of money only, offered to turn over the Oklahoma property in settlement of the demand made against him. This was in no wise an admission inconsistent with his contention that the note was executed without consideration, or with his plea of payment. One who makes an offer to compromise should not be prejudiced thereby in his right to insist upon any legal defense he may possess. (*Latham v. Hartford,* 27 Kan. 249.) The testimony concerning this negotiation for compromise was properly excluded.

2. But one other question is presented, and that is as to the action of the court in overruling the motion for a new trial. The note was given in settlement of an overdraft occasioned by the purchase of cattle. It was dated May 19, 1899, was for the sum of $300, and was due July 1 thereafter. The contentions of the defendant were (1) that the note was given for the accommodation of the bank, without consideration; and (2) that, under an agreement between himself and the bank in regard to the purchase and sale of cattle, the same had been paid, and a receipt executed as evidence of payment. The receipt offered in evidence was as follows:

"CIRCLEVILLE, KAN., July —th, 1899.
"Received of J. C. Goggerty three hundred dollars, as payment of his note, payable to this State Bank of Circleville. This note is now in the National Bank of Commerce of Kansas City, Mo.
ROY HOFFHINES, Cs."

The defendant contended that he had purchased cattle for the bank, with its money, in his name; that the cattle were turned over to the bank, by it sold, and the proceeds appropriated, after paying the cattle account carried in the name of defendant. On the day the receipt was issued, the bank informed the defendant it had sold $3000 worth of cattle so held. The defendant was interested in the profits then in the hands of the bank, arising from the sale of the cattle. The cashier agreed with him to apply the same in payment of the note in controversy. It was at this time that defendant demanded his note. The bank for some reason was unable to deliver the note, as it was in Kansas City, but executed the receipt.

The jury, in substance, found that the receipt was issued by the bank for a valuable consideration on

Myers v. Goggerty.

July 6, 1899, and that the consideration was the amount specified in the receipt. The contention of plaintiff in error is that, inasmuch as there was no money paid at the time the receipt was issued, the same was without consideration. It appears that the consideration for the receipt was not the actual payment of cash or currency, but was the adjustment of the profits accruing to the defendant by reason of the purchase and sale of the cattle. There is nothing in the findings inconsistent with the general verdict. The findings are supported by the evidence.

It is further contended that there is no evidence to support the verdict of the jury. The contention here is that the defendant relied upon the receipt; that the receipt was given simply for the purpose of showing that he did not owe the note, and not that he had paid the same. The answer was very indefinite, but there was no effort made to have it made more definite and certain. The case was tried upon the theory that defendant had sufficiently pleaded payment. The court instructed the jury, without objection, that the defendant claimed, first, that he executed the note without consideration, as a matter of accommodation for said bank; and, second, that he had fully paid the note and had a receipt therefor. There was competent evidence to sustain the findings and verdict of the jury.

The motion for a new trial was properly overruled. The judgment is affirmed.