No. 27,830.

JOHN J. SCHOEN, *Appellee,* v. THE ARKANSAS VALLEY GAS COMPANY, *Appellant.*

(263 Pac. 1079.)

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Harmless Error—Nonprejudicial Admission of Evidence.* Error in the admission of evidence will not cause a reversal of the judgment unless the evidence admitted was prejudicial.

2. GAS—*Escape and Explosion of Gas in Basement—Evidence of Company's Negligence.* Where a company furnishing natural gas to consumers in a city installs a range in a customer's kitchen, to do so cuts off the gas at the meter, after the installation turns on the gas, and leaves the premises, and on the next day thereafter an explosion occurs without any gas appliance in the house having been disturbed after the installation of the stove, there is evidence to show that the explosion was caused by the negligence of the company.

3. HOMESTEADS—*Protection and Enforcement of Rights—Proper Parties Plaintiff.* Where the house mentioned in the second paragraph of this syllabus is occupied by the husband and wife as their homestead, the title to which is in the wife, and the husband pays for the repairs to the house made

Appeal and Error, 4 C. J. p. 969 n. 56; 2 R. C. L. 247, 249. Gas, 28 C. J. p. 602 n. 18; 25 A. L. R. 278; 12 R. C. L. 912. Homesteads, 29 C. J. p. 984 n. 94. Trial, 38 Cyc. p. 1932 n. 27; 27 R. C. L. 869.

necessary by the explosion, he is a proper party plaintiff to recover the damages to the house caused by the explosion.

4. TRIAL—*Special Interrogatories—Definiteness of Answers.* It is not error to refuse to request a jury to answer more specifically special questions where the answers returned are specific enough to show on what the jury based its verdict and to show which of the parties is entitled to recover.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed February 11, 1928. Affirmed.

*Robert D. Garver,* of Kansas City, Mo., for the appellant.

*S. C. Bloss, George T. McNeish* and *Stewart S. Bloss,* all of Winfield, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Plaintiff recovered a judgment against the defendant in the sum of $8,240 for personal injuries sustained in a gas explosion, and for damage to the residence property occupied by the plaintiff as a homestead at the time of the explosion. The defendant appeals.

The evidence tended to show that the plaintiff and his wife lived on certain residence property in Arkansas City, the title to which property was in the wife; that the wife ordered a gas range for the kitchen in the house; that the defendant sent its workmen to install the range; that, in order to install the range, the workmen first cut off the gas from entering the house; that they then installed the range, turned on the gas, lighted the gas in the range, turned the gas off at the range, and left the house; that the plaintiff's wife worked in a store in Arkansas City; that she prepared the noon meal for the family on the new gas range, and after it was eaten, she went to the store and continued her work; that in the afternoon plaintiff and his mother drove to Coffeyville; that when the plaintiff's wife returned from her work in the evening, she attempted to take a bath but found there was no hot water; that there had been a Ruud hot-water heater, bought from the defendant, installed in the house about two years previously; that the plaintiff's wife did not undertake to ascertain why there was no hot water; that, on the following day, the plaintiff and his mother returned from Coffeyville; that plaintiff's mother attempted to take a bath, when the wife of the plaintiff asked him to go to the basement and light the gas in the water heater; that he went to the basement to do so; that he had a lighted cigarette in his mouth; that he turned on an elec-

tric light by turning a bulb in the socket; and that when he did so, an explosion occurred in which he was injured and in which the house was damaged.

The defendant in its brief says that—

"The petition, which was filed on September 16, 1926, alleges the following negligence on the part of the defendant: 'That in turning off the gas (to install the kitchen range) the pilot light on the aforementioned heater was extinguished for lack of gas, and was permitted to remain so by the defendant, its servants, agents and employees. That while said pilot light remained extinguished the defendant by and through its servants, agents and employees, connected said gas range with the gas supply and left the premises of this plaintiff.'"

The jury answered special questions as follows:

"1. If you find from the evidence that the defendant in this case was guilty of negligence, please state of what defendant's negligence consisted. A. In not waiting to see that the heater was properly lighted.

"2. Was pilot light lit by defendant's employees after the kitchen range was installed and the gas turned on? A. Not properly.

"3. Was pilot light subsequently extinguished by air in line, draft down flue, soot in burner, or other cause? A. If lighted, by air in line."

1. There are four assignments of error argued concerning the introduction of evidence, one of which is that evidence concerning the experience of others in the use of Ruud hot-water heaters was erroneously admitted; one, that evidence of the negligence of the defendant's employees on other occasions was erroneously admitted; one, that the testimony of plumbers as to pockets of air forming in gas pipes when the gas is cut off for the purpose of making repairs or improvements was erroneously admitted; and another, that the court erroneously refused to permit cross-examination of the wife of the plaintiff concerning a certain matter. There was evidence admitted which tended to prove that others who used Ruud hot-water heaters had no trouble with them. That evidence was objected to and was admitted over the objection. There was evidence which tended to prove that the workmen of the defendant had installed an appliance in another house in which there was a Ruud hot-water heater, and that after they left the occupant found the water cold and went to the basement to see what was the trouble, lit a match, and an explosion resulted.

Concerning the testimony of the plumbers as to air pockets, we quote from the brief of the defendant as follows:

"Over the objection of defendant, the witnesses C. B. Hamilton and Carl McGregor testified that they were plumbers, and that it was the custom of the business to test for air pockets after lighting the pilot lights of gas appli-

ances, which test was made by waiting for some time after the pilot light was lit to ascertain if air in the pipes subsequently extinguished it. The ground of defendant's objection to this testimony and its subsequent motion to strike the same from the record was that plaintiff was attempting to prove negligence not alleged in the petition."

The defendant attempted to cross-examine the plaintiff's wife concerning a conversation had by herself with the plaintiff's mother and brother and a Mr. McDonald, then an employee of the defendant, concerning which she was asked the following question:

"Do you recall at that time that Mr. Schoen's brother stated in your presence and in the presence of the others that these automatic water heaters were not safe and that they repeatedly went out, and that the whole bunch of them ought to be thrown in the river, and he got so violent you had to calm him down?"

An objection to the question was sustained.

The admission of evidence objected to and the exclusion of that attempted to be brought out on cross-examination may have been erroneous, but the court is unable to see wherein either was prejudicial. Unless there was prejudicial error the court is not authorized to reverse the judgment.

Part of section 60-3317 of the Revised Statutes reads:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court."

2. The defendant contends that there was no proof of negligence. The court cannot agree with that contention. The defendant installed the range in the plaintiff's kitchen and left the house. The next day the explosion occurred. The evidence tended to prove that before the explosion there had been no interference with any of the gas appliances in the house after the employees of the defendant left. That an explosion could not have occurred if the workmen had left all of the appliances in the condition in which they should have been left.

3. The evidence disclosed that the title to the property was in the plaintiff's wife. The court instructed the jury as follows:

"The fact that the plaintiff was not the owner of the legal title to the house or the home in controversy is of no consequence as affecting his right to recover, and the fact that the title was in his wife's name rather than his own does not affect his right in this action, and he is entitled to a judgment against the defendant for whatever the evidence shows him to be entitled to."

14—125 Kan.

It is argued that the instruction was erroneous. The evidence tended to show that the property was the homestead of the plaintiff and his wife and that the plaintiff paid all the bills in and about the house and paid for the repairs to the house after the explosion occurred. The homestead is for the benefit of both the husband and the wife. Either may sue to protect it, either to recover damages to it, or to prevent an invasion of it, if the other should fail or neglect so to do.

In 13 R. C. L. 692 it is said:

"Generally speaking, the head of a family is the proper party to sue for the recovery of a homestead, in the absence of any good reason to the contrary, but it has also been held that the beneficiaries have such an interest in the use and enjoyment of the property as will entitle them to protect it against an illegal invasion."

In 29 C. J. 983 it is said:

"The person entitled to the homestead, whether the husband, father, or other person as the case may be, as the real party in interest or the representative of the family, is a proper and perhaps a necessary party in proceedings for the enforcement and protection of the homestead, except where a sufficient reason is made to appear why he will not be, or cannot be, made a party to the proceedings. A husband in joint possession with his wife of land belonging to her but used as the family homestead has, as head of the family, such an interest in the land as entitles him to complain of any unlawful interference with it."

The instruction was not erroneous.

4. When the answers to special questions were returned by the jury, the defendant requested that they be directed to answer definitely whether or not the pilot burner was lighted. The court, in response thereto, said:

"I expect they answered that about as well as the court could answer it under the circumstances and evidence. Under this evidence if this does not mean what it says, it means No."

The answers were not as specific as they might have been, perhaps not as specific as they could have been under the evidence, but they were specific enough to show on what the jury based its verdict and to show that the defendant had been guilty of negligence. The defendant contends that there was no evidence on which to answer the questions as they were answered. Enough of the evidence has been set out to show that the answers were based on evidence.

The judgment is affirmed.