No. 29,166.

F. D. PARMENTER, *Appellee,* v. W. H. MORRISON, *Appellant.*

(288 Pac. 582.)

Opinion filed June 7, 1930.

*W. L. Sayers,* of Hill City, for the appellant.
*F. E. Young,* of Stockton, for the appellee.

The opinion of the court was delivered by

JOCHEMS, J.: The plaintiff sued defendant for damages for false arrest. Plaintiff recovered judgment in the sum of $142.68, and defendant appeals.

The evidence showed substantially the following: That shortly prior to June 26, 1925, the plaintiff and his wife were divorced. The action had been decided in favor of the wife and the district court ordered plaintiff to turn over to his wife as alimony a portion of his property. This he did. The order of the court was fully complied with. Following the decree in the divorce action and the full compliance therewith by the plaintiff, on June 26, 1925, the defendant came to the place where plaintiff was working and told him that plaintiff's wife and her attorneys were conspiring to bring some sort

of claim against the plaintiff for more, alimony, and that plaintiff would lose all his property unless he took steps to protect himself. The defendant then suggested that the best thing for plaintiff to do would be to give the defendant a mortgage on all of his personal property. After some discussion the plaintiff agreed to do this, providing the defendant would give him back a writing to the effect that the mortgage was void as against the plaintiff. This arrangement was agreed upon and a written memorandum was executed. Plaintiff alleged in his petition that he had lost his copy of the memorandum, and at the time of the trial both parties had lost their copies of this memorandum. They differed, however, as to its contents, plaintiff claiming it was a memorandum showing that the mortgage was void as against him, and the defendant claiming it was a memorandum providing that as to any excess derived from a sale of the property over what the plaintiff owed the defendant, the mortgage was to be void.

The evidence showed that after the memorandum was drawn and signed the plaintiff executed to the defendant a chattel mortgage on all of his personal property he had left after having complied with the alimony order of the court. The mortgage was to secure the sum of $423. After this mortgage was given the plaintiff sold a span of mules covered by the mortgage and thereafter, on December 6, 1927, the defendant caused a warrant to be issued by a justice of the peace and had the plaintiff arrested for unlawful sale of mortgaged property. The sheriff arrested the plaintiff on December 9, 1927, took him into custody, and when he was arraigned he explained the circumstances to the justice and the county attorney, and his case was continued until December 15, 1927. On that date he again appeared before the justice of the peace. He was then discharged and the case was dismissed.

The defendant pleaded by way of set-off a judgment which he held against the plaintiff for $78, and an itemized statement of account for a number of items totaling $63.20. In addition thereto he set up a general denial and that in obtaining the complaint he was not actuated by malice and did not act without probable cause, but that the action was taken upon the advice of competent counsel.

The appellant contends that the court erred in admitting any evidence under plaintiff's petition because the petition showed that the mortgage was given for a fraudulent purpose, namely, that of defrauding the wife of the plaintiff, and contends that a suitor should not be permitted to plead his own rascality as ground for

recovery against another. This sounds plausible, but it must be remembered that the petition alleged that the giving of the mortgage was induced by fraud on the part of the defendant. Furthermore, the plaintiff was not bringing any action based upon the fraudulent mortgage, but the circumstances relating thereto were pleaded by way of giving a preliminary statement of the situation leading up to the false arrest. The gist of plaintiff's action was false arrest. This false arrest was not induced or brought about by any fraud on the part of the plaintiff. Therefore this contention of the appellant is without merit.

The appellant urges several assignments of error upon the instructions given by the court. We have examined these instructions and on the whole find that they fairly stated the case to the jury, and we do not find reversible error therein.

The appellant further complains that the court refused to give an instruction requested by the appellant relative to the issue of probable cause. It appears from the record that after plaintiff's attorney had made his opening argument to the jury at the close of the case, and while counsel for defendant was in the process of making his argument to the jury, he turned to the court and made request for a special instruction on the question of probable cause. The court refused this instruction and noted thereon that his reason for refusal was that the evidence did not indicate that the defendant consulted the county attorney as to the course he should pursue and did not act upon counsel of the county attorney. The record does not disclose that the defendant took the advice or counsel from any lawyer. It does show that he went to the county attorney and asked for a warrant, but the county attorney did not testify that the defendant asked him to advise him as to the law. His testimony as set out in the counter abstract of the appellee appears as follows:

"Q. And can you tell the jury about what Mr. Morrison said to you at that time? A. Well, he said that Mr. Parmenter had sold two mules on which he had a mortgage, and sold them to Jim Mathis, and he wished to have Mr. Parmenter arrested for selling mortgaged property, and I think he told me Mr. Spealman (an attorney) had investigated the sale and there was no question but what a sale was made, and that's all I remember.

"Q. Well, do you remember whether or not he asked you anything of that kind—about it being a violation of law? A. No, I don't think he did. I don't think there was anything said as to the law; I think he knew it, or presumed he knew it, and presumed I knew it."

It appears from the record that when the defendant obtained the

mortgage from the plaintiff he was accompanied by an attorney named Spealman. Spealman testified as a witness on the trial of the case at some length, both as to the situation existing when the mortgage was obtained and as to the substance of the written memorandum executed at that time, which both parties had lost, but he did not testify that he at any time advised or counseled the defendant to obtain a warrant for the arrest of the plaintiff. In view of the fact that the record shows that there was no evidence whatsoever before the jury that the defendant had consulted an attorney, or taken any advice or counsel before obtaining the warrant, the trial court quite properly refused the instruction requested.

The appellant contends that the court failed to submit the issue as to the right of the defendant to recover against the plaintiff on his set-off consisting of a judgment and costs, and that the jury failed to give any credit therefor. A special question was submitted to the jury and answered as follows:

"Q. Did W. H. Morrison on June 6, 1925, recover a judgment against Frank Parmenter in the sum of $78 bearing 10 per cent interest from date, together with costs in the sum of $17.55? A. Yes."

The appellant contends that the jury while making this special finding did not allow the defendant any credit therefor on the judgment. The itemized account of $63.20 claimed by way of set-off was disallowed by the jury in another special finding.

The appellee argues forcibly that, inasmuch as the jury in its special finding did find in favor of the defendant on the judgment of $78 and costs, and then returned a verdict for $142.68, the very fact that the amount determined in the general verdict is not even money would indicate that the jury deducted the amount of the judgment found by way of set-off. The appellee points out that what the jury did was to allow damages for the false arrest in the amount of $275. It then figured the interest on the judgment and the costs allowed by way of set-off. The judgment and costs amounted to $95.55 and interest on this from June 25, 1925, the date of the rendition of the judgment, until May 11, 1929, amounted to $36.77, making the judgment, costs and interest aggregate $132.32. This amount deducted from $275 leaves the amount of the general verdict, namely, $142.68.

The rule is that a general verdict and special findings should always be harmonized, if possible; that every reasonable presumption

is indulged in favor of the general verdict. (See *Moore v. Connelly,* 119 Kan. 35, 237 Pac. 900, and cases cited therein.) Taking this view of the matter and taking into consideration the fact that the trial court has approved the verdict, we conclude that the general verdict of the jury should stand.

We have examined other specifications of error made by the appellant relative to the refusal of instructions and find no error therein.

The judgment is affirmed.