No. 29,701.

Samuel Babcock, *Appellee,* v. W. H. Newby, Frank Lenahan, George A. Denholm and William D. Denholm, *Appellants.*

(298 Pac. 804.)

Opinion filed May 9, 1931.

*Benjamin F. Endres* and *Keefe O'Keefe,* both of Leavenworth, for the appellants.

*J. K. Codding* and *William D. Reilly,* both of Leavenworth, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action, authorized by statute (R. S. 9-163, 9-164), by a depositor in a state bank against the directors of the bank for the amount of deposits made at times when the bank was alleged to have been insolvent, or in failing circumstances. The jury returned a general verdict for plaintiff and answered special questions. Defendants have appealed.

The evidence has not been abstracted. Appellants' principal contention is that the answers returned by the jury to special questions required judgment to be entered in their favor, notwithstanding the general verdict. The deposits sought to be recovered were made June 15, 1924, February 3, March 9, and March 12, 1925. The bank closed March 25, 1925. The special questions and answers returned by the jury thereto are as follows:

"1. Do you find that the defendants with reasonable frequency examined into the affairs of the Farmers and Merchants State Bank to know, if possible, its condition. A. Yes.

"2. What was the actual cash market value of the assets of said bank on June 15, 1924? A. From the evidence presented the jury is unable to say.

"3. What was the actual cash market value of the assets of said bank on February 3, 1925; March 9, 1925, and March 12, 1925? A. From the evidence presented the jury is unable to say.

"4. What was the actual cash market value of the assets of said bank on March 25, 1924? A. From the evidence presented the jury is unable to say.

"5. What, if anything, could the officers of said bank have done in addition to what they did do in order to know the condition of said bank on the dates set forth in questions 2 and 3? A. By taking proper steps to comply with letters and information offered by bank commissioner and examiners as furnished by them from time to time, showing them the real condition of·their bank and by removing bad paper and securing additional security on all loans."

The legal principle applicable to the question presented is thoroughly established and may be stated as follows: The general verdict for plaintiff is a finding in his favor on every question in the case essential for his recovery. Answers to special questions must be harmonized with the general verdict, if that can be done reasonably. If the answers to special questions are in conflict with the general verdict, so that both cannot stand, the general verdict must be set aside and judgment rendered in accordance with the answers to the special questions. (See R. S. 60-2918 and cases there annotated on this point; also, *Smith v. Tri-County Light & Power Co.*, 120 Kan. 123, 241 Pac. 1090; *Schoen v. Arkansas Valley Gas Co.*, 125 Kan. 206, 263 Pac. 1097; *Greiner v. Greiner*, 129 Kan. 435, 283 Pac. 651; *Parmenter v. Morrison*, 130 Kan. 707, 288 Pac. 582, and cases cited therein.) Hence the general verdict for plaintiff in this case is a finding that plaintiff.made the deposits and on the dates as alleged; that the bank was·then insolvent, or in failing circumstances, and that defendants assented to the reception of the deposits with knowledge of those facts.

Appellants argue that the inability of the jury to answer questions 2, 3 and 4 upon the evidence necessarily makes them conflict with the general verdict. We do not so interpret these answers. The ultimate facts submitted to the jury were whether or not the bank was insolvent, or in failing circumstances, on the dates deposits were made. It might very well be true that from the evidence the jury was forced to the conclusion that the bank was insolvent, or in failing circumstances, on those dates without the evidence being so segregated as to time, and definite in other respects, as to enable the jury to find the actual cash market value of the assets as of those particular dates. Since the evidence is not brought to this court and is not complained of by appellant as being insufficient, we must assume there was ample substantial evidence to justify the general finding of the jury that the bank was insolvent, or in failing cir-

cumstances, on the dates in question, and that is all that is necessary on that point. Had the jury answered these questions definitely by naming a specific sum, the answers would not have shown the bank to be solvent, for no special question was asked the jury as to the amount of liability on those dates.

Appellants argue the answer made to the jury to special question No. 1 negatives any liability of the directors; but this view is inaccurate. By the answer to this question the jury found that the defendants, with reasonable frequency, examined the affairs of the bank to know, if possible, its condition. It is entirely harmonious with the general verdict to say that defendants examined the affairs of the bank, knew its condition, knew it to be insolvent or in failing circumstances, and knowing those facts permitted the deposits to be received.

Appellants complain of an instruction of the court to the effect that the making and carrying of excess loans by the bank is in and of itself no proof of insolvency, but if the jury found the bank did make and carry excess loans, the evidence in relation thereto was competent and material in so far as it tended to prove, or disprove, the insolvency of the bank at the time in question. We see no error in this instruction. Facts with respect to excess loans may or may not have tended to show the bank to be insolvent, and the jury was so advised. Evidence with respect to excess loans was to be considered only in so far as it had a bearing upon the solvency of the bank.

Complaint also is made of an instruction to the effect that the officers and directors of the bank were responsible for its management, and that while the banking department has large control and supervision over the management of the bank, what the commissioner or examiners of the banking department may think of a bank's condition is not controlling, but evidence of their views might be considered, not as a complete defense if the things necessary to establish liability of defendants had been proven, but as it might assist in determining the question of the knowledge of the officers and directors as to the real condition of the bank. It is contended that this instruction is argumentative, inconsistent, misleading, and singles out certain evidence and calls the attention of the jury specially to it. It would seem that the instruction was more favorable to defendants than otherwise. Naturally the views of the representatives of the banking department would not relieve defendants of liability if all the elements on which their liability is based were

established by evidence. It is favorable to the defendants in this, that if those in the banking department were misled as to the actual condition of the bank it might well be argued that defendants might have been misled. It is possible the evidence disclosed that the directors of the bank knew more definitely the condition of the bank than the bank commissioner or his examiners knew, and thus had greater reason to believe it was insolvent or in failing circumstances.

We find no error in the record, and the judgment of the court below is affirmed.