No. 31,314

MAGGIE DURKIN, *Appellee*, v. THE KANSAS CITY PUBLIC SERVICE COMPANY, and THE WYANDOTTE RAILWAYS COMPANY, *Appellants*.

(27 P. 2d 259.)

Opinion filed December 9, 1933.

*Fred Robertson, Edward M. Boddington, J. O. Emerson,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellants.

*Arthur J. Stanley, Arthur J. Stanley, Jr.,* both of Kansas City, and *Bart M. Lockwood,* of St. Joseph, Mo., for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages.

The petition alleged and the evidence, to which the jury gave credence, showed that defendant The Wyandotte Railways Company owned, and defendant Kansas City Public Service Company operated, a double track of street railway on Kansas avenue in Kansas City, Kan.; that plaintiff, a woman about 50 years of age, lived on the north side of Kansas avenue in the 300 block; that on November

10, 1930, about 3:30 p. m., she started to cross Kansas avenue toward the east end of the block. She had passed between automobiles parked along the north curb line and southward until she got between the rails of the south track. She stopped to observe the traffic and saw an automobile approaching from the west and distant about 20 to 25 feet, traveling from 20 to 25 miles per hour, and about one and one-half feet south of the south rail. A street car was also approaching from the west and 60 to 100 feet away. About the time the automobile was opposite her, plaintiff started to take a step forward, her foot went into a hole in the pavement just north of the south rail and she fell forward. As she fell she felt a sharp pain in her ankle, something popped, and her head hit. She was unconscious until the next day. Her injuries consisted of a fractured right arm, right leg and right ankle, lacerations of her head and face and concussion of the brain. At the time of the trial the broken bones were healed, except that the union of the leg bones was not good and she was compelled to use a crutch. The use of the arm had been affected, and she could not raise it above a level-position. It is not intended by the above to give the evidence fully, but only sufficiently to present matters concerning which complaint is made. Defendants' answer was a general denial and a plea of contributory negligence. The jury returned a verdict in favor of plaintiff for $9,000 against both defendants, and answered special questions as follows:

"1. Did the plaintiff's right foot become fastened in any hole next to the south rail of the eastbound street-car tracks? A. Yes.

"2. If you find the plaintiff's foot became fastened in a hole next to the south rail, then state whether the plaintiff, before stepping into the hole, stopped between the rails of the eastbound track and looked down at the place where the hole was. A. Yes.

"3. If you find the plaintiff's foot became fastened in a hole next to the south rail, then state whether the hole in which the plaintiff's foot became fastened was so large and easily seen that any person of ordinary prudence, looking at the place where the hole was, could have seen it. A. Yes.

"4. If you find that the plaintiff's foot became fastened in a hole next to the south rail, then state the size of the hole, giving length, breadth and depth. A. Length, 6 inches; breadth, 5 inches; depth, 6 inches.

"5. What part of the automobile did the plaintiff collide with? A. Left rear door and left rear fender.

"6. If the plaintiff had exercised ordinary care when she crossed the street in observing the approaching automobile, and in observing the condition of the street ahead of her, could she not thereby have avoided her injuries? A. No.

"7. If you find for the plaintiff, then state specifically what negligence, if

any, the defendants were guilty of. A. Guilty of negligence in not keeping paving between rail in proper repair.

"8. Did the plaintiff stop on or near the south rail of the east-bound track? A. Yes.

"9. If you find the plaintiff stopped on or near the south rail of the east-bound tracks, then state how far west of her the automobile was with which she collided and at what speed it was traveling. A. Twenty to twenty-five feet. Twenty to twenty-five miles per hour.

"10. If you find the plaintiff stopped at or near the south rail of the east-bound tracks, then state whether she would have been injured if she had remained standing for a sufficient time to let the automobile of Mrs. Swindell get by. A. Yes."

Defendants filed their motions for judgment on the findings of the jury, to set aside certain findings, and for a new trial, and plaintiff asked the court to set aside the answer to special question No. 2.

The court denied the motion of defendants for judgment on the findings, set aside the answer to special question 10 as not sustained by the evidence and otherwise denied the motion to set aside the findings. The motion for a new trial was allowed in part and denied in part, the journal entry reciting:

"The court holds that the amount of damages found by the jury is not sustained by the evidence and is excessive and that a new trial should be granted as to amount of damages only, and overruled as to the residue of such motion, . . ."

And an order was made accordingly.

The defendants appeal and contend that under the facts testified to by plaintiff and on her behalf and on the answers to the special questions they are entitled to judgment in their favor as a matter of law; that the verdict was so excessive as to indicate passion and prejudice, and a new trial as to all issues should have been allowed, and that the court erred in its instructions. The plaintiff appeals, assigning as error the allowance in part of the motion for a new trial and the setting aside of the answer to special question No. 10.

The contentions will be discussed in the order assigned.

We can see no good purpose in again stating the facts to determine whether plaintiff, as a matter of law, is entitled to judgment on the showing made by plaintiff and on the findings of the jury. It is argued that plaintiff had to take notice of the approaching automobile and street car, and that when she proceeded to cross the street with them in view she was guilty of contributory negligence, and many cases in support are cited. It is not necessary to review them. Plaintiff was not injured by the street car and, under the evidence

which the jury credited, would not have been by the automobile, which may have inflicted the injuries to her head and arm, had she not stepped in the hole next to the south rail of the defendants' tracks. Neither are we impressed by the argument made that because the jury, in answer to special question 2, found that plaintiff stopped between the rails of the south track and looked down, and in answer to special question 3 found that the hole could be easily seen by any person looking at the place where the hole was, that the hole was plainly visible and she must have seen it. Plaintiff left the north side of the street and started south, not to look for holes in the pavement, but to get across the street, and in doing so she was observant of the traffic. Whether she was guilty of negligence in going to the point between the rails where she stopped momentarily to permit the automobile to pass, the street car being a considerable distance away, was a question for the jury. The hole in which she stepped was found by the jury to be six inches long and five inches wide, and standing close to the south rail it is very possible that in looking down she would not see it—perhaps her own clothing prevented, perhaps she did not look down so close to where she stood. The hole might be seen very easily under some circumstances and not seen at all under other circumstances. There was no evidence that plaintiff knew of the condition of the street prior to the time of the accident; there was evidence that she was crossing a busy street, and as was said in *Water Co. v. Whiting,* 58 Kan. 639, 50 Pac. 877:

"Persons using a street which is in constant use, and when their attention has not been called to any obstructions or perils thereon, have a right to presume that the street is reasonably safe for ordinary travel. While they must act with reasonable care, they are not required to keep their eyes upon the pavement continuously, watching for obstructions or pitfalls." (Syl. ¶ 6.)

And in *Womochil v. List & Clark Construction Co.,* 135 Kan. 695, 11 P. 2d 731, it was said:

"Defendant makes a vigorous argument that plaintiff was guilty of contributory negligence as a matter of law. The fact that plaintiff admits he did not see the barricade is urged as conclusive proof that he had not been keeping a vigilant outlook ahead of him. . . . Such evidence measurably approaches proof of plaintiff's contributory negligence; but still we think the circumstances, the contour of the road, the want of the statutory warning signs and the inconsequential character of the barricade which might not be readily discernible on that dark and drizzling night, made the question one for the jury and not determinable as a matter of law." (Citing cases.) (pp. 697, 698.)

If there were any inconsistencies between the general verdict and the special findings, it was the trial court's duty and it is our duty to harmonize them if possible. (*Rockwood v. Stubenhofer*, 119 Kan. 307, 312, 239 Pac. 993, and *Moore v. Connelly*, 119 Kan. 35, 237 Pac. 900, and cases cited.)

An examination of the record shows that the jury's general finding was supported by the evidence, and that the apparent inconsistencies in answer to special questions are reconcilable with the general verdict. The court committed no error in denying defendants' motion for judgment.

Both parties complain because the court granted the motion for a new trial, the plaintiff because any new trial was granted, the defendants because it was limited to the question of damages only.

Defendants contend that the verdict was so excessive it indicated passion and prejudice on the part of the jury, and that they were entitled to a new trial on all issues. R. S. 60-3004 permits a new trial in part only. In *Carlgren v. Saindon*, 129 Kan. 475, 283 Pac. 620, it was held that where several issues are presented, some of which are properly determined and some improperly determined, and they are sufficiently distinct from each other, there is no necessity of trying all issues in order to determine those which have not been properly determined. And in *Bateman v. Preisser*, 123 Kan. 217, 254 Pac. 1028, it was said:

"The allowance or denial of a motion to set aside a judgment and to grant a new trial is a matter resting in the sound discretion of the trial court whose action thereon will not be reversed unless an abuse of such discretion is apparent." (Syl. ¶ 3.)

So far as plaintiff is concerned, she complains that the court granted any new trial, and argues that the judgment was not excessive and should have been allowed to stand. The rule is that an order granting a new trial will not be reversed where the trial court is not satisfied with the verdict. (*Armourdale State Bank v. Hoel*, 120 Kan. 130, 242 Pac. 481.) The trial court plainly indicated that it believed the verdict excessive, and nothing approaching abuse of discretion is shown.

There was no error in the ruling with respect to a new trial.

The defendants complain that the court "erred in limiting the negligence which the plaintiff might be found guilty of to negligence 'in the manner of crossing the street' and refused to add negligence in failure to see the hole and negligence in stepping forward before

the automobile had passed." This claimed error has reference to the sixth instruction, which recites:

"On the other hand if you find that the defendants were not negligent in the maintenance of the space between rails and car tracks, or that there was negligence on the part of the defendants, but the plaintiff was also negligent in the manner in which she passed over said tracks and that her negligence contributed in any way to her fall and injury, then and in either case your verdict should be for the defendants."

Had there been no other instruction bearing on the question of plaintiff's claimed negligence, there might be merit to the claim of error, but in instructions 2, 3 and 4 the court pointed out the duties of a pedestrian in crossing a street, particularly with respect to seeing and knowing that which in the exercise of reasonable care he should see and know; that in crossing a street he is not required to keep his eyes fixed upon the street at all times or at every instant while crossing the street, and defined negligence, etc., in a manner of which no complaint is made. Taking all the instructions together, it appears that the issue was fairly presented under the instructions and that the defendants were not prejudiced in any manner by the sixth instruction.

The plaintiff also complains because the court set aside the answer to special question 10 as not sustained by the evidence. The question is ambiguous, and an answer to it either in the affirmative or negative would have been easily reconcilable with the answers to the other special questions. It is not clear from the question whether it refers to injuries from being struck by the automobile or from the fall in the street occasioned by stepping in the hole in the pavement. If it referred to injuries by being struck by the automobile, there is no support in the evidence. Evidently that is the way the trial court construed the question. In view of the trial court's rulings on other matters here discussed, if there was any error in setting aside the answer to special question 10, it is immaterial and nonprejudicial.

The judgment of the lower court is affirmed.

HUTCHISON, J., not sitting.